[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 13-14553
Non-Argument Calendar
_____

D.C. Docket No. 8:13-cr-00262-WJC-EAJ-1


UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ISIDRO RAMIREZ-MARTINEZ,

Defendant-Appellant.


_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(August 14, 2014)

Before TJOFLAT, JORDAN, and ANDERSON, Circuit Judges.

PER CURIAM:

Isidro Ramirez-Martinez appeals his total 48-month sentence, imposed after pleading guilty to one count of illegal reentry of a deported alien, in violation of 8 U.S.C. § 1326(a), and one count of illegal entry by an alien, in violation of 8 U.S.C. §§ 1325(a)(1) and 1329.  The district court imposed an advisory guideline sentence of 48 months' imprisonment by imposing consecutive statutory maximum sentences for both counts, in accordance with U.S.S.G. § 5G1.2(d), which allows for consecutive sentences when the sentence for the count carrying the highest statutory maximum is less than the total punishment prescribed by the Sentencing Guidelines.  On appeal, Ramirez-Martinez argues that his sentence is procedurally unreasonable because the district court failed to adequately explain the reasons for imposing a 48-month statutory maximum total sentence, even though he had made numerous arguments for a sentence below the statutory maximum.  He also argues that his sentence is substantively unreasonable.  Finally, he argues that the district court erred in applying a 16-level enhancement under U.S.S.G. § 2L1.2(b)(1)(A)(ii), based on its finding that his prior conviction under Fla. Stat. § 843.01, for resisting an officer with violence, was a "crime of violence."  He maintains that his prior conviction under Fla. Stat. § 843.01 was not a "crime of violence."

We will address each of Ramirez-Martinez's arguments in turn.

2

I.

We review the reasonableness of a sentence using a deferential abuse of discretion standard of review. *Gall v. United States*, 552 U.S. 38, 41, 128 S.Ct. 586, 591, 169 L.Ed.2d 445 (2007). In evaluating the reasonableness of a sentence, we follow a two-step process by first determining whether the sentence is procedurally reasonable, and then if necessary, determining if the sentence is substantively reasonable. *Id.* at 51, 128 S.Ct. at 597. A sentence may be procedurally unreasonable if the sentencing court fails to consider the factors set forth in 18 U.S.C. § 3553(a), fails to properly calculate the appropriate guidelines range, or fails to adequately explain the chosen sentence. *Id.* However, given the advisory nature of the Sentencing Guidelines, it is sufficient if there is some indication that "the district court was aware of and considered the Guidelines." *United States v. Campbell*, 473 F.3d 1345, 1349 (11th Cir. 2007) (quotation omitted). Consequently, the district court need not discuss or explicitly state on the record each § 3553(a) factor. *United States v. Scott*, 426 F.3d 1324, 1329 (11th Cir. 2005).

"The sentencing judge should set forth enough to satisfy [us] that he has considered the parties' arguments and has a reasoned basis for exercising his own legal decisionmaking authority." *Rita v. United States*, 551 U.S. 338, 356, 127

3

S.Ct. 2456, 2468, 168 L.Ed.2d 203 (2007).  However, "when a judge decides simply to apply the Guidelines to a particular case, doing so will not necessarily require lengthy explanation.  Circumstances may well make clear that the judge rests his decision upon the Commission's own reasoning that the Guidelines sentence is a proper sentence." *Id.* at 356-57, 127 S.Ct. at 2468.  "Where the defendant or prosecutor presents nonfrivolous reasons for imposing a different sentence, however, the judge will normally go further and explain why he has rejected those arguments." *Id.* at 357, 127 S.Ct. at 2468.  The appropriateness of how much to write and what to say therefore depends on the circumstances of the case, and "[t]he law leaves much, in this respect, to the judge's own professional judgment." *Id.* at 356, 127 S.Ct. at 2468.

Once we determine that a sentence is procedurally reasonable, we examine whether the sentence imposed is substantively reasonable.  *Gall*, 552 U.S. at 51, 128 S.Ct. at 597.  In reviewing for substantive reasonableness, we examine the totality of the circumstances and ask "whether the statutory factors in § 3553(a) support the sentence in question." *United States v. Gonzalez*, 550 F.3d 1319, 1324 (11th Cir. 2008).  The party challenging the sentence has the burden of demonstrating that the sentence is unreasonable in light of the record and factors outlined in § 3553(a).  *United States v. Talley*, 431 F.3d 784, 788 (11th Cir. 2005).  We will remand for resentencing only if the district court "committed a clear error

4

of judgment in weighing the § 3553(a) factors by arriving at a sentence that lies outside the range of reasonable sentences dictated by the facts of the case." *United States v. Irey*, 612 F.3d 1160, 1190 (11th Cir. 2010) (*en banc*) (quotation omitted).

Pursuant to § 3553(a), the district court must impose a sentence "sufficient, but not greater than necessary, to comply with the purposes" listed in 18 U.S.C. § 3553(a)(2), including the need to reflect the seriousness of the offense, to promote respect for the law, to provide just punishment for the offense, to deter criminal conduct, and to protect the public from the defendant's future criminal conduct. *See* 18 U.S.C. § 3553(a). In imposing a particular sentence, the district court must also consider the nature and circumstances of the offense, the history and characteristics of the defendant, the kinds of sentences available, the applicable guideline range, the pertinent policy statements of the Sentencing Commission, the need to avoid unwarranted sentencing disparities, and the need to provide restitution to victims. *Id.* § 3553(a)(1), (3)-(7). The weight given to any specific § 3553(a) factor is committed to the sound discretion of the district court. *United States v. Williams*, 526 F.3d 1312, 1322 (11th Cir. 2008). However, the district court can abuse its discretion when it (1) fails to consider factors that were due significant weight, (2) gives an improper or irrelevant factor significant weight, or (3) commits a clear error of judgment by balancing the proper factors unreasonably. *Irey*, 612 F.3d at 1189.

Ramirez-Martinez has failed to show that his sentence was procedurally unreasonable. On appeal, he argues that the district court failed to adequately explain its chosen sentence. However, his argument is unavailing because this was one of the situations contemplated by the Supreme Court in *Rita*, where a lengthy explanation was not required because the circumstances make clear that the district court rested its decision upon the United States Sentencing Commission's own reasoning that the Guidelines sentence was the proper sentence. *See Rita*, 551 U.S. at 356-57, 127 S.Ct. at 2468. Here, the advisory guideline range was a single point, 48 months, and that point was the statutory maximum with consecutive sentences. The government argued for it, noting that it was well below the bottom end of the advisory guideline range before the imposition of the statutory maximum. Ramirez-Martinez, in opposition, argued for a 24-month total sentence, and in support, maintained that it would be sufficient punishment and deterrence, because it was 8 times as long as his prior 105-day sentence for illegal entry. He also argued that because the offenses of illegal reentry and illegal entry consisted of nearly identical conduct, the district court would essentially be "punish[ing] him twice or basically commit[ing] double jeopardy," if it imposed consecutive sentences. However, he conceded that it would not "legally [be] double jeopardy." Finally, he argued that a total sentence of 48 months' imprisonment would give him no credit for his acceptance of responsibility and timely guilty plea.

After entertaining the parties' arguments, the district court imposed the Guidelines sentence, and stated that the sentence was sufficient, but not greater than necessary, to comply with the statutory purposes of sentencing, necessarily indicating that it had rejected Ramirez-Martinez's position and agreed with the government's position.  In imposing the sentence, the district court did not need to provide a lengthy explanation for rejecting several of Ramirez-Martinez's arguments, particularly his "double jeopardy" argument, which even he conceded was not "legally double jeopardy."  *See Rita*, 551 U.S. at 357, 127 S.Ct. at 2468 ("Where the defendant or prosecutor presents nonfrivolous reasons for imposing a different sentence, . . . the judge will normally go further and explain why he has rejected those arguments.").  However, the district court did give a response to Ramirez-Martinez's acceptance of responsibility argument, essentially stating that Ramirez-Martinez had received the benefit for his acceptance of responsibility in the guideline calculations, even though it did not show up in the total 48-month sentence, due to the application of the statutory maximum.  As for the rest of Ramirez-Martinez's arguments, they were adequately addressed by the district court's implicit agreement with the government's explanation that Ramirez-Martinez had already received a substantial benefit with the imposition of a total 48-month sentence, because, if the government had properly charged him with the offense of illegal reentry of a previously deported felon, based upon his prior

7

conviction under Fla. Stat. § 843.01, he would have faced an advisory guideline range of 57 to 71 months' imprisonment and a statutory maximum sentence of 10 years' imprisonment. Accordingly, under the circumstances, the district court's brief explanation was legally sufficient. *See Rita*, 551 U.S. at 356, 127 S.Ct. at 2468.

Ramirez-Martinez has also failed to show that his sentence was substantively unreasonable. He has not shown that his Guidelines sentence of 48 months' imprisonment was substantively unreasonable in light of the totality of the circumstances and the § 3553(a) factors. *See Gonzalez*, 550 F.3d at 1324. The need for the sentence to promote respect for the law and adequate deterrence was high, given Ramirez-Martinez's history of quickly and repeatedly making illegal reentries into the United States after being deported. Ramirez-Martinez's Guidelines sentence was also reasonable in light of his own history and characteristics, particularly his criminal history of multiple arrests and convictions in the United States, including a conviction for resisting an officer with violence and a conviction for battery. Accordingly, we affirm.

## II.

"We review the district court's findings of fact for clear error and its application of the Sentencing Guidelines *de novo*." *United States v. Newman*, 614 F.3d 1232, 1235 (11th Cir. 2010) (quotation omitted). Accordingly, whether a

defendant's prior conviction constitutes a "crime of violence" under the Guidelines is reviewed *de novo*. *United States v. Diaz-Calderone*, 716 F.3d 1345, 1348 (11th Cir. 2013).

Under the Guidelines, a defendant being sentenced for illegal reentry into the United States may receive a 16-level enhancement if he was previously deported following a crime of violence. *See* U.S.S.G. § 2L1.2(b)(1)(A)(ii). In *Romo-Villalobos*, we held that a conviction under Fla. Stat. § 843.01, for resisting an officer with violence, was a "crime of violence" for purposes of U.S.S.G. § 2L1.2(b)(1)(A)(ii). *United States v. Romo-Villalobos*, 674 F.3d 1246, 1249-1251 (11th Cir.), *cert. denied*, 133 S.Ct. 248 (2012).

Ramirez-Martinez's argument is foreclosed by *Romo-Villalobos*. *See United States v. Lawson*, 686 F.3d 1317, 1319 (11th Cir.), *cert. denied*, 133 S.Ct. 568 (2012) ("We are bound by a prior panel opinion until the opinion's holding is overruled by the Supreme Court or by our Court sitting *en banc*."). Accordingly, we affirm the sentence on this ground.

**AFFIRMED.**